In the Matter of PETROLEUM CONVERSION CORPORATION, Bankrupt.
Appeal of James A. VAUGHAN.

No. 10637.

United States Court of Appeals
Third Circuit.

Argued April 25, 1952.

Decided May 16, 1952.

William E. Taylor, Jr., Wilmington, Del., for appellant.

Thomas Cooch, Wilmington, Del., for appellee.

Before MARIS, KALODNER and STALEY, Circuit Judges.

PER CURIAM.

This is an appeal by a creditor of the bankrupt, who had filed a claim with the referee in the bankruptcy proceedings, from a judgment entered against him upon a counterclaim filed by the trustee of the bankrupt arising out of the same subject matter as his claim. The judgment was entered by the referee in the bankruptcy proceeding and was confirmed by the district court. The appellant makes two contentions. The first is that the referee was without jurisdiction to hear and determine the counterclaim against the appellant in the summary proceeding in the bankruptcy court and that the latter was entitled to have the subject matter of the counterclaim tried in a plenary suit. The details of this contention we need not discuss since they have all been fully discussed and satisfactorily disposed of in the opinion of Chief Judge Leahy of the district court confirming the judgment, 99 F.Supp. 899, with which we are in complete accord.

The appellant's other contention is that the issues involved in the counterclaim were res judicata having been decided in other litigation in the United States District Court for the Southern District of New York. It appears, however, that the cause

of action involved in the counterclaim in this proceeding is different from the causes of action litigated in the New York suit. Accordingly the rule of collateral estoppel would only make res judicata those issues in the present proceeding which were actually litigated between the parties or their privies in the prior suit. Since the issues involved in the trustee's counterclaim against the appellant in this proceeding were not actually litigated in the prior New York suit the referee and the district court did not err in declining to hold them to be res judicata.

The judgment of the district court will be affirmed.